Eastern District of Kentucky
F I L E D

**MAR 0 6 2007**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 05-462-JMH

DENNIS CALDWELL, ET AL.,                                    PLAINTIFFS

V.                    **MEMORANDUM OPINION AND ORDER**

OLSHAN FOUNDATION REPAIR
CO. OF OKI, L.P., ET AL.,                                   DEFENDANTS

\* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On October 3, 2005, plaintiffs Dennis Caldwell and Cheryl Caldwell, his wife, filed this action in Scott Circuit Court against defendants Olshan Foundation Repair Company of OKI, L.P., d/b/a Olshan Foundation Repair Co. of OKI, Limited; Atlas-Gulf Coast, Inc.; Olshan Foundation Repair Company, L.L.C.; Olshan Foundation Repair Company of Cincinnati, L.P.; and Liberty Mutual Insurance Company (hereafter "Liberty Mutual"), alleging that in September of 2004, they retained defendant Olshan Foundation Repair Company of OKI, L.P. (hereafter "Olshan"), to repair a crack in the basement floor of their residence at 123 Bluebill Court, Georgetown, Kentucky, that Olshan commenced this repair work in October of 2004, and that Olshan negligently performed this repair work, and that in the process of performing this repair work, Olshan caused extensive damages to their residence. Plaintiffs further allege that Olshan subsequently agreed to repair the damages it had caused to their residence and property while performing the original repairs to the crack in the basement floor and that Olshan then negligently repaired the damages it had caused to their residence. Plaintiffs also claim that Olshan damaged their yard, driveway, and a concrete wall with a trailer and generator during the course of Olshan's performance of remedial work to repair the damages, which also resulted in personal injuries to plaintiff Dennis Caldwell.

Plaintiffs assert claims against defendant Olshan for negligence and breach of contract. Plaintiffs' claim against defendant Liberty Mutual is for bad faith and for a violation of Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-230, *et seq.*

Plaintiffs seeks compensatory damages, punitive damages, costs, and attorneys' fees.

On November 1, 2005, the Olshan defendants removed this action from Scott Circuit Court.

This matter is before the court on plaintiffs' motion to alter, amend and/or reconsider the Memorandum Opinion and Order of January 12, 2007, which granted the Olshan defendants' motion to compel discovery from plaintiffs. Plaintiffs' motion to reconsider has been fully briefed and is ripe for review.

## II. PLAINTIFFS' MOTION TO ALTER, AMEND AND/OR RECONSIDER

As explained in greater detail in the Memorandum Opinion and Order of January 12, 2007, which is incorporated herein by reference[1], the Magistrate Judge granted the Olshan defendants' motion to compel the production of information relating to Steve Wade and directed plaintiffs to respond to discovery requests requesting information concerning Steve Wade, including being subject to additional deposition concerning information about Steve Wade. The Magistrate Judge also indicated that the Olshan defendants were free to contact Steve Wade directly about this matter, including taking his deposition. The basis for the court's decision to grant the Olshan defendants' motion to compel discovery from plaintiffs concerning Steve Wade was that, other than argument of plaintiffs' counsel, there was no evidence of record to suggest that on October 12, 2004, when Steve Wade went to plaintiffs' residence for the intended purpose of providing plaintiffs with an estimate for the cost of repair work on a project that had already been performed by Olshan on October 4, 2004, that plaintiff Dennis Caldwell, at that time, anticipated litigation against Olshan

---

[1] In reviewing this matter, it has come the court's attention that there are a couple of misstatements of fact and/or typographical errors contained on page 5 of the Memorandum Opinion and Order of January 12, 2007. The first misstatement of fact is found on the second line above the "Analysis" section: the phrase "exactly one month" should have stated "more than three weeks." The second misstatement of fact/typographical error is found in the third line of the "Analysis" section: the date October 4, 2004 should be October 12, 2004.

and consulted with Steve Wade as a non-testifying, consulting expert in this matter and that that was

the reason Steve Wade provided plaintiffs with an estimate for the cost of the remedial repair work

to plaintiffs' residence concerning the damages allegedly caused by Olshan during the performance

of the initial repair work on October 4, 2004. Further explaining the basis for the court's decision,

the Magistrate Judge noted:

> The unsupported argument by plaintiffs' counsel that Steve Wade is a non-testifying, consulting expert does not carry the day. The argument of plaintiffs' counsel is the only evidence of record that Steve Wade is a non-testifying, consulting expert and that argument, without more, is insufficient to establish that Steve Wade is anything more than an ordinary fact witness.

Memorandum Opinion and Order, p. 8 [DE #36].

In support of plaintiffs' motion to alter, amend and/or reconsider, plaintiffs have provided

the court with the affidavit of plaintiff Dennis Caldwell, which states in pertinent part, as follows:

> 3. On or about October 4, 2004, Olshan began work on the basement floor. In the process Olshan misused a jackhammer and caused a great deal of damage to our home (in the process I also sustained personal injuries as a result of Olshan's negligence). The damages to our home included to the foundation and basement floor. The next day Olshan employees had to brace the house where they caused foundation damages.
> 4. The damages to our home were substantial. Given the circumstances I distrusted Olshan and, as a result, I anticipated litigation with Olshan. Thus, around October 6 or 7, 2004, I called an attorney in Georgetown to talk to him about the Olshan problems because of my anticipation of litigation, and he called me back approximately October 11, 2004, at which time we spoke.
> 5. On or about October 12, 2004, Steve Wade of Dwyer Concrete appeared at our door following up my initial call about the crack in the basement floor. I informed Mr. Wade that he was no longer needed regarding the initial crack in the basement, as we had already retained someone else for that purpose. Nonetheless, my interests had changed at that point given the substantial damages caused by Olshan. I began discussing with Mr. Wade the prospect of him consulting with me privately about the substantial damages that had been caused to our house, given his expertise. Mr. Wade then consulted with me privately and lent his expertise and view about the damages, and I never told Olshan personnel the substance of what Mr. Wade communicated to me.
> 6. On or about October 14, 2004, Olshan finally commenced some repairs on our house. The repairs proved to be a disastrous failure. Within a few weeks, I called a second attorney, Tom Miller, also seeking legal advice and assistance.
> 7. My call to Tom Miller was not the first time I anticipated litigation, as I already anticipated litigation at the time I called an attorney in Georgetown and at the time I consulted with Steve Wade on October 12, 2004.

Affidavit of Dennis Caldwell, 01/17/07, pp. 1-2 [Exhibit to DE #38].

Plaintiffs state that they have submitted the foregoing affidavit of Dennis Caldwell to provide a proper evidentiary basis and to clarify the matter that Dennis Caldwell informally retained Steve Wade to consult with him in anticipation of litigation. Given the affidavit of Dennis Caldwell, plaintiffs request the Magistrate Judge to alter, amend and/or reconsider the decision to grant Olshan's motion to compel discovery from plaintiffs concerning Steve Wade.

The Olshan defendants have objected to plaintiffs' motion to alter, amend and/or reconsider the Memorandum Opinion and Order of January 12, 2007, arguing it has always been plaintiffs' burden to establish that the information defendants seek to obtain from plaintiffs concerning Steve Wade is privileged information and that plaintiffs simply failed to produce any evidence to support their claim of privilege vis-a-vis Steve Wade when they had the opportunity to do so when filing a response to the Olshan defendants' motion to compel and that the court should not permit plaintiffs, at this juncture, to produce evidence in support of this privilege claim that they could have and should have produced long ago during the briefing of the Olshan defendants' motion to compel. In essence, the Olshan defendants argue that the affidavit of Dennis Caldwell filed in support of plaintiffs' motion to alter, amend and/or reconsider is too little and too late.

In reply, plaintiffs counter the Olshan defendants' argument and reiterate:

> Thus, there has never been any secret about the basis of privilege asserted as to Mr. Wade. It was made explicitly clear that Mr. Wade was a consultant with the Caldwells and that objections were based upon the work-product privilege. Nonetheless, counsel for the Olshan Defendants chose not to question the Caldwells whether or when they anticipated litigation or when legal counsel was first contacted. Mr. Caldwell's affidavit simply provides helpful clarification so that there is no doubt about validity of the privilege in this instance.
>
> As noted in the original motion to alter, amend and/or reconsider, the Caldwells have provided the affidavit of Mr. Caldwell specifically because the Court indicated it would not accept "argument of counsel" and that an evidentiary record was necessary to support the privilege. Thus, in order to satisfy the Court that Mr. Caldwell had in fact anticipated litigation prior to 10/12/04, and so that the Caldwells' privilege can be honored, Mr. Caldwell has provided his affidavit and requests the Court to recognize the privilege as to their consultant Mr. Wade. Mr. Wade is not a testifying expert, and there is no reason to allow the privilege to be pierced to the detriment of the Caldwells.

Plaintiffs' Reply in Further Support of Their Motion to Alter, Amend and/or Reconsider, p. 2 [DE #48].

### Discussion/Analysis

In the Sixth Circuit, a motion for reconsideration is considered a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and can only be granted for one of four reasons. *See Tritent Int'l Corp. v. Kentucky*, 395 F. Supp. 2d 521, 523 (E.D. Ky. 2005). As the Sixth Circuit explained in *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999):

> Motions to alter or amend judgment may be granted if there is a clear error of law, *see Sault Ste. Marie Tribe [of Chippewa Indians v. Engler]*, 146 F.3d [367 (6th Cir. 1998)]at 374, newly discovered evidence, *see id.*, an intervening change in controlling law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir.1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n. 3 (1st Cir.1993); *School District No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d at 236; *Hayes*, 8 F.3d at 90-91 n. 3. *See also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995).

*GenCorp, Inc., supra*, at 834.

Thus, a motion to alter or amend judgment, or, as in this case, to reconsider, may be granted (1) if a clear error of law occurred, (2) if there is newly discovered evidence, (3) if there has been an intervening change in the law, or (4) to prevent manifest injustice. The motion cannot serve simply as "an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d at 374. Therefore, a party cannot use the motion "to raise arguments which could, and should, have been made before judgment issued." *Id.* (quoting *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)).

Consequently, the court must next consider whether any one of the four factors enumerated above is present in this case and would be available to afford relief to plaintiffs.

### a.    if a clear error of law occurred

Plaintiffs do not argue that they are entitled to relief because a clear error or law occurred at the time the Magistrate Judge granted the motion of the Olshan defendants to compel discovery from them concerning Steve Wade. Additionally, based on the record that was before the court at the time the Magistrate Judge made his decision to grant the Olshan defendants' motion to compel, the Magistrate Judge concludes that no clear error of law occurred, as the Magistrate Judge's decision

5

was based on information that was available to the court at that time. Thus, this factor does not afford any relief to the plaintiffs.

**b.     if there is newly discovered evidence**

Plaintiffs do not argue that they are entitled to relief because there is newly discovered evidence. However, without referring to the affidavit of Dennis Caldwell as "newly discovered evidence," plaintiffs rely on the affidavit of Dennis Caldwell executed on January 17, 2007, in support of their motion to alter, amend and/or reconsider, arguing that this affidavit is intended to clarify that at the time Dennis Caldwell consulted with Steve Wade on October 12, 2004, he did so "in anticipation of litigation" with Olshan.

As the Olshan defendants correctly point out, in order for the affidavit of Dennis Caldwell in question to be characterized as newly discovered evidence, it "must have been previously unavailable." *See GenCorp*, 178 F.3d at 834. There is nothing in the record to suggest that the affidavit of Dennis Caldwell or the information contained therein was previously unavailable to the plaintiffs; therefore, the affidavit of Dennis Caldwell cannot be categorized as newly discovered evidence. Thus, this factor does not afford any relief to the plaintiffs.

**c.     if there has been an intervening change in the law**

Plaintiffs do not argue that they are entitled to relief because there has been an intervening change in the law, and the Magistrate Judge is aware of no intervening change in the law in this respect. Thus, this factor does not afford any relief to the plaintiffs.

**d.     to prevent manifest injustice**

In their reply to defendants' response to their motion to alter, amend and/or reconsider, plaintiffs appear to argue that they are entitled to relief in order to prevent manifest injustice. ("It would work a manifest injustice to disregard the Caldwells' privilege as to core work-product and their informal consultant in this instance." Plaintiffs' Reply in Further Support of Their Motion to Alter, Amend and/or Reconsider, p. 3 [DE #48]). However, plaintiffs do not explain the basis for

6

their argument that a manifest injustice would occur to them if their motion to alter, amend and/or reconsider is denied.

Upon review of the record upon which the Magistrate Judge's original decision was based, the Magistrate Judge is unpersuaded by plaintiffs' argument that a manifest injustice would occur if their motion to alter, amend and/or reconsider is denied. The situation in which plaintiffs find themselves is due solely to the fact that plaintiffs initially failed to carry their burden of proof to establish that they were entitled to claim that any information they obtained from Steve Wade was privileged as "work product" information. Contrary to plaintiffs' argument advanced in support of their motion to alter, amend and/or reconsider, it was never the burden of the Olshan defendants during Dennis Caldwell's deposition or at any time thereafter to prove that Dennis Caldwell did not anticipate litigation at the time he consulted with Steve Wade on October 12, 2004; instead, it has always been plaintiffs' burden to establish that at the time Dennis Caldwell met with Steve Wade on October 12, 2004, he did so in anticipation of litigation with the Olshan defendants. Plaintiffs could have attempted to meet this burden either during the deposition of Dennis Caldwell or when responding to the Olshan defendants' motion to compel (by attaching to their response the affidavit of Dennis Caldwell containing the same information that is contained in the affidavit of Dennis Caldwell attached to their motion to alter, amend and/or reconsider). However, for reasons unknown to the court, plaintiffs elected not to attempt to meet their burden in this matter until after the Magistrate Judge ruled on the Olshan defendants' motion to compel.

Accordingly, **IT IS HEREBY ORDERED** that plaintiffs' motion to alter, amend and/or reconsider [DE #38] the Memorandum Opinion and Order of January 12, 2007, which granted the motion of the Olshan defendants to compel the production of information relating to Steve Wade, is **DENIED**.

This _6th_ day of March, 2007.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

7